## BACHELDER *v.* EPPING.

The town of Epping voted to raise the sum of $1,500 for the purpose of purchasing land and erecting a court house thereon for the use of the county, provided the terms of the court of common pleas should be held in Epping instead of Exeter. The town then appointed a committee, of which the plaintiff was a member, to apply to the legislature to provide that one term of that court in each year should be held in Epping. In the prosecution of this duty the plaintiff rendered service and expended money. *Held*, that he might recover therefor against the town, whether the vote to raise the sum of $1,500 for the purpose specified were legal or illegal.

ASSUMPSIT. The case was referred to an auditor, who made the following report:

That warrants were duly issued by the selectmen of Epping, notifying the inhabitants that meetings would be held in Epping, on the 13th of March, and the 15th of May, A. D. 1849; that the warrants were legally served; that meetings of the inhabitants were lawfully held agreeably to the warrants; and that at said meetings the following votes were passed, in substance, the subject matter whereof was set forth in the warrants.

1st, " That the town (of Epping) raise the sum of fifteen hundred dollars for the purpose of purchasing land and erecting a court house for the use of the county of Rockingham, provided the court of common pleas shall hold their courts in Epping instead of Exeter."

2d, That " Nathaniel Bachelder, John Dow and Benjamin Burley, be a committee to apply to the legislature to get the court of common pleas to hold one term of their courts in each year in this town," (Epping.)

It further appeared, on the hearing before the auditor, that the plaintiff is the same Nathaniel Bachelder named in the foregoing vote, and that the services and moneys charged in the following account were rendered and paid by the plaintiff, as one of the committee, in obedience to the votes aforesaid, and to effect the purposes therein mentioned.

Bachelder *v.* Epping.

Upon the hearing aforesaid, it was objected, among other things, by the defendant, that "said town of Epping had no right by law to raise money to effect or to attempt to effect the purposes mentioned in said votes, nor to pay said committee for attempting to effect such purposes."

The auditor finds as follows: If the court shall be of the opinion, in view of the foregoing facts, that the services and expenditures stated in the following account, although rendered in accordance with said votes, are not legally recoverable of the defendant, then nothing is due from the defendant to the plaintiff: on the other hand, if the court shall be of the opinion that said services and expenditures are, in law, recoverable, then said town of Epping is indebted to the plaintiff according to the following account stated.

*Town of Epping to Nathaniel Batchelder,*      Dr.

1849.

| | | |
|---|---|---:|
| May 28, | To going to Exeter to get advice and expenses, on court house, | $2,75 |
| | To paid Gilman Marston for writing petition, | 2,00 |
| June 5, | To going to Poplin to obtain petitioners for court house, &c., | 1,50 |
| 7, | To going to Raymond to obtain petitioners for court house, | 1,50 |
| 12, | To going to Concord and staying three days, | 6,00 |
| | To paid expenses, | 3,75 |
| | To a horse and carriage to Concord, | 3,50 |
| 25, | To myself, horse, &c., to Concord, 3 days, | 9,00 |
| | To paid my expenses, | 3,75 |
| | To paid for printing petition, | 1,00 |
| | | $34,75 |

*McMurphy,* for the plaintiff.

*Stickney & Tuck,* for the defendant.

The town had no right by law to raise or appoint a committee to effect or attempt to effect the purposes mentioned in the votes of the town relied upon by the plaintiff, nor to pay the committee for attempting to effect such purposes.

Towns are corporations created by statute, and have no powers except what the statute confers upon them. Any contract or vote of the town not coming within their jurisdiction, or within the scope of their authority, as conferred by the statute, is illegal and void.

Towns derive their authority principally from sections 3 and 4 of chapter 31 of the Revised Statutes.

" Section 3. Towns may purchase and hold real and personal estate, for the public uses of the inhabitants, and may sell and convey the same, and make any contracts which may be necessary and convenient for the transaction of the public business of the town."

" Section 4. Towns may at any legal meeting grant and vote such sums of money as they shall judge necessary for the support of schools; for school houses; for the maintenance of the poor; for laying out and repairing highways; for building and repairing bridges; for the repair of meeting houses owned by the town, so far as to render them useful for town purposes; and for all the other necessary charges arising within the town."

There is no express authority given to towns by the statute, to effect any such purposes as were contemplated by the votes of the town relied upon by the plaintiff. The votes clearly do not contemplate the purchase of any real or personal estate for the public uses of the inhabitants of the town, nor any contracts that were necessary or convenient for the transaction of the business of the town. It is no part of the duty or business of the town to provide a court house for the county, nor to get the court of common pleas to hold one term of their courts in the town.

If the town had the authority to pass such votes, or to

Bachelder *v.* Epping.

apppoint a committee for the purposes contemplated, it must be derived from the closing part of the fourth section; " and for all the other necessary charges arising within the town."

But by necessary charges must be meant such charges or expenses as towns are by law liable to pay, and not such as they may voluntarily incur without any authority of law. It must necessarily be confined to such charges as towns are authorised or bound by law to incur and pay. The charges in this case are not of that character. It is no part of the duty of towns to furnish a court house for the county, and they have no right to vote or expend money for any such purpose. It is the duty of the county to furnish court houses, at the expense of the county. The law imposes that duty upon counties and not upon towns. It is no part of the duty or business of towns to get a term of the courts held there, and it does not come within the proper duties and powers of towns. That matter is regulated by law for the benefit and convenience of the whole county, and cannot be considered as part of the prudential concerns of towns, and does not come within that class of subjects affecting the accommodation and convenience of the inhabitants, which have been placed under the municipal jurisdiction of towns, by statute or usage.

It may be thought to be for the interest of a town to have a court held in the town, but that does not give a town the right to vote or expend money for the purpose of getting it there. Many things may be for the interest of towns which they have no right by law to do. It is thought by many towns that it would be for their interest to have a railroad through the town, but that does not give the town a right to expend money or aid in building a railroad, or getting it located through the town. Many towns have applied to the legislature for authority to aid in building a railroad, but if towns had the right to grant or expend money for any purpose which a majority of the inhabitants might think

would be for the interest of the town, there would be no necessity for applying to the legislature in any case. In support of these views we refer to the following cases: *Stetson* v. *Kempton*, 13 Mass. Rep. 272; *Bangs* v. *Snow*, 1 Mass. Rep. 187; *Parsons* v. *Goshen*, 11 Pick. 396; *Norton* v. *Mansfield*, 16 Mass. Rep. 48; *Anthony* v. *Adams*, 1 Met. 284; *Trustees* v. *Peaslee*, 15 N. H. Rep. 317.

This case does not come within that class of cases in which it is held that towns may build market houses, may furnish town clocks and engines to extinguish fires. Things of this kind are held to be for the general convenience, accommodation and safety of the inhabitants, and to come within the scope of the objects and purposes for which towns are incorporated. *Spaulding* v. *Lowell*, 23 Pick. 71, and *Willard* v. *Newburyport*, 12 Pick. 227, are cases of this kind, in which the general powers of towns are fully considered. In *Spaulding* v. *Lowell*, the court say, " But to bring any particular subject within this description of necessary town charges, it must appear to be money necessary to the execution of some corporate power, the enjoyment of some corporate right, or the performance of some corporate duty, as established by law or long usage."

The subject matter of the vote in this case does not come within either of those rules, or within any principle of law laid down in any of the cases which we can find. The town having no right by law to appoint a committee for any such purpose, are not bound by the acts of the committee, are not liable to pay them for any services or expenses for such purposes, and probably there was no expectation on the part of the town, when they passed the vote, that the committee would charge the town for their services.

There was no express promise or engagement on the part of the town to pay the committee. If the duties to be performed by the committee had been such as the town had the power to direct, an implied promise of payment might arise, but the law will imply no promise in cases where the

town had by law no right to direct the services. The se-lectmen had no right to pay such claim, and had no right to assess a tax to pay it. If they did assess such tax it would be illegal, as decided in *Stetson* v. *Kempton*, before cited.

It is evident that the legislature never intended to confer such general power upon towns, from their power in regard to repairing meeting houses owned by the town, being lim-ited to such as are necessary to render them useful for town purposes.

GILCHRIST, C. J. This action cannot be maintained on the ground that raising money for the purpose of building a court house was any part of the " necessary charges arising within the town." None of the cases go so far as this, and as there is a body, the county, invested with all the neces-sary powers for the purpose, and as a court house is for the use of the county at large, and not for the benefit of any particular town, there is no reason for giving such an au-thority to town corporations. The counsel for the defend-ant has cited numerous cases showing what is to be consid-ered a necessary charge on the town, and without attempt-ing to analyze them, it is sufficient to say that raising money for the purpose of building a court house does not come within any principle regulating the powers of towns in this particular.

The vote of the town to raise $1,500, and that appoint-ing a committee to apply to the legislature, were not votes to do any acts prohibited by law. At most, it was only a case where there was a want of power to effect the object. There was nothing illegal in passing the votes, or in making the attempt to accomplish the purpose of causing the court to be held at Epping, and therefore the case is not compli-cated by the necessity of inquiring into the legality of the tax. There was nothing wrong in the appointment of the committee, and they acted under the vote and performed the duty they were selected to execute. There is nothing in

the case or in the nature of the duty that renders it any more probable that it was to be performed without consideration than that any other service should be rendered by an agent without charge to his employer. A town is certainly as well able to pay its servants as an individual is; and if an individual, for the purpose of advancing his own interests, should employ a person to apply to the legislature to get the court to be held in the town where he resided, and the agent should devote his time and money for that purpose, the principal would be bound to compensate him. A considerable part of the defendant's argument depends on connecting the vote appointing the committee with that raising the sum of $1,500, from which it is distinguishable. The town might apply to the legislature for this purpose by a committee. The fact that they passed another vote to raise a sum of money which they could not legally assess, can have no effect upon the vote to do a lawful act, and we can see no reason why the plaintiff should not have

*Judgment on the report.*